<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TONY PING YEW**, <br><br> Plaintiff, <br><br> v. <br><br> **ATTORNEY GENERAL STATE OF NEW JERSEY,** *et al.*, <br><br> Defendants. | Civil Action No. 23-21568 (ZNQ) (TJB) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon two Motions filed by *Pro Se* Plaintiff Tony Ping Yew ("Plaintiff"): a Motion for Recusal ("Recusal Motion," ECF No. 19), and a Motion for Reconsideration under Local Civil Rule 7.1(i)[1] ("Reconsideration Motion," ECF No. 20). Plaintiff filed briefs in support of his Motions. ("Recusal Br.," ECF No. 19-1, and "Reconsideration Br.," ECF No. 20-1.) Defendant FMI Insurance Company ("Defendant" or "FMI") filed briefs in opposition. ("Opp'n Recusal Br.," ECF No. 24, and "Opp'n Reconsideration Br.," ECF No. 26.) Plaintiff filed a reply in support of the Recusal Motion. ("Reply Recusal Br.," ECF Nos. 28, 30.)[2] The Court has carefully considered the parties' submissions and decides the Motions without oral

---

[1] Local Civil Rule 7.1(i) governs motions for reconsideration and provides that "[u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked shall be filed with the Notice of Motion."
[2] It appears that docket entry numbers 28 and 30 are the same document.

1

argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.[3]  For the reasons set forth below, the Court will **DENY** the Motions.

I.     BACKGROUND AND PROCEDURAL HISTORY

On October 25, 2023, Plaintiff filed a Complaint against the Attorney General of New Jersey and various New Jersey Superior Court Judges (the "State Defendants"), and FMI Insurance Company.  (*See generally* Compl., ECF No. 1.)  As set forth in the Court's July 18, 2024 Letter Order (ECF No. 18), the Complaint raises several "Points" rather than causes of action which, as best the Court can discern, are largely grievances that stem from prior state court proceedings.[4]  (*Id.*)

With regard to those state court proceedings, Plaintiff first filed a lawsuit against FMI in March 2019 in the New Jersey Superior Court alleging, *inter alia*, that FMI breached a duty of good faith and committed discriminatory and deceptive trade practices, and that its notice to Plaintiff of his option to purchase sump pump homeowner coverage was deficient.  (*See id.* at 8.)[5]  The trial court granted summary judgment for FMI and denied a motion for reconsideration; the Appellate Division affirmed.  (*See id.*)  Plaintiff then filed a second lawsuit against FMI in the New Jersey Superior Court in July 2021, alleging deceptive and unfair business practices, insufficient sump pump coverage notice, misrepresentations by FMI, and violations of the New Jersey Trade Practices Act.  (*See id.*, Ex. B.)

The trial court granted a motion to dismiss, dismissed the complaint with prejudice on *res judicata* grounds,[6] and denied a motion for reconsideration; the Appellate Division again affirmed.

---

[3] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.
[4] With one exception: Point VII seems to concern the subject matter of the underlying state court actions (*i.e.*, FMI's behavior that sparked Plaintiff's initial state court lawsuits), rather than the decisions reached in those state court actions.  (*See* Compl.)
[5] Because the Complaint does not contain numbered paragraphs, the Court refers to its page numbers herein.
[6] The trial court found that even if *res judicata* did not bar Plaintiff's claims, they would have been barred alternatively because of collateral estoppel and the entire controversy doctrine.  (Compl., Ex. B.)

2

(*Id.*)  The New Jersey Supreme Court denied a petition for certification of the judgment.  (*Id.*, Ex. A.)  In the present Complaint, Plaintiff claims that the State Defendants violated his constitutional rights to due process and equal protection, as well as committed violations under Rules 56 and 60.  (*See generally* Compl.)

After Plaintiff filed his Complaint, FMI and the State Defendants moved to dismiss the Complaint under Rule 12(b)(6).  (*See* ECF Nos. 12, 14.)  On July 18, 2024, the Court issued a Letter Order granting Defendants' motions and denying Plaintiff's cross motion for declaratory judgment.  ("Letter Order," ECF No. 18.)  The Court held that the claims alleged in the Complaint were barred by *res judicata* and the *Rooker-Feldman* doctrine.  (Letter Order, at 2.)  The Court dismissed the claims against FMI with prejudice, and dismissed the claims against the State Defendants without prejudice.  (*Id.* at 4.)  Thereafter, on July 29, 2024, Plaintiff filed the instant Motions seeking reconsideration of the Letter Order[7] and recusal of the undersigned.  (ECF Nos. 19, 20.)  The Court will first address the Motion for Recusal, and then proceed with the Motion for Reconsideration.

II.     **MOTION FOR RECUSAL**

Plaintiff does not specify under which statute he seeks recusal.  (*See* Recusal Br. at 3.)  Accordingly, the Court will consider both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Under 28 U.S.C. § 144, a district court judge must be recused if a party "files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against [that party] or in favor of any adverse party."  *Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009).  Here, Plaintiff did not include an affidavit with his Recusal Motion.  Recusal is therefore not appropriate

---

[7] Plaintiff's Reconsideration Motion is timely because it was filed "within 14 days after the entry of the order or judgment on the original motion by the Judge."  Local Civil Rule 7.1(i).

under this section. *Meleika v. City of Bayonne*, Civ. No. 21-11394, 2022 WL 2357482, at *6 (D.N.J. June 29, 2022) (denying recusal under § 144 for failure to file supporting affidavit).

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test under § 455(a) is an objective one: "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *Allen v. Parkland Sch. Dist.*, 230 F. App'x 189, 193 (3d Cir. 2007) (citing *In re Kensington*, 353 F.3d 211, 220 (3d Cir. 2003)).

Importantly, the party seeking recusal must generally rely on extrajudicial conduct in order to demonstrate bias, thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, the Supreme Court of the United States has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Id.*; *see also Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . .").

Plaintiff argues that the undersigned lacks impartiality because "Judges are required to cite to legal authorities to support their reasoning," and a footnote written in the Letter Order lacks a citation.[8] (Recusal Br. at 3–4.) Plaintiff adds that a "reasonable person, knowing all the facts,

---

[8] The footnote Plaintiff takes issue with reads as follows: "To the extent Plaintiff argues that he has a cause of action against either FMI or the State Defendants pursuant to Rules 56 or 60, Plaintiff is mistaken, as those rules do not regulate actions by private parties such as FMI, and the Federal Rules of Civil Procedure in general apply only to federal court—not state court—proceedings."

4

would conclude that the trial judge's impartiality could be questioned," especially in light of the Court's assertion that the Federal Rules of Civil Procedure generally only apply to federal court and not state court, without a "citation to back up" that statement. (*Id.* at 4.) Plaintiff also takes issue with the Court's dismissal orders: there is "an appearance of lack of impartiality for dismissing Defendant FMI with prejudice while [dismissing] Defendant Attorney General . . . without prejudice." (*Id.* at 6.) FMI argues in opposition that Plaintiff's Recusal Motion should be denied because Plaintiff simply disagrees with the Letter Order. (Opp'n Recusal Br. at 5.)[9]

Here, the Recusal Motion is devoid of merit. The footnote in the Letter Order that Plaintiff relies upon to show lack of impartiality is a fundamental principle of the country's parallel federal and state judicial systems. The failure to cite a basis for it does not demonstrate lack of impartiality.[10] Additionally, there is nothing indicated in the Motion or record that demonstrates a "deep-seated favoritism or antagonism" against Plaintiff by the undersigned. *See Liteky*, 510 U.S. at 555. Plaintiff merely cites the legal standard for recusal without a factual basis for such a measure.

Moreover, the decision to dismiss the State Defendants without prejudice and FMI with prejudice is not a valid reason for the undersigned to recuse himself. Such a decision was made because dismissals based on lack of jurisdiction are not decisions on the merits and generally are without prejudice. *See Merritts v. Richards*, 62 F.4th 764, 772, 772 n.4 (3d Cir. 2023). The Court even noted in its Letter Order that "while it may be difficult to conceive of how Plaintiff might plead his Complaint in such a way as to overcome the *Rooker-Feldman* issues identified herein, the Court is reluctant to find at this stage that any such amendment would be futile." (Letter Order,

---

[9] In his Reply Brief, Plaintiff argues that the undersigned should be recused because "[t]he substantive merits must be addressed [by the Court], not only procedural merits." (Recusal Reply Br. at 6.)
[10] For Plaintiff's benefit, the Court refers him to Fed. R. Civ. P. 1 and N.J. Court Rule 1:1-1, wherein the federal and state courts define the scope and applicability of their respective rules.

5

at 4.)  This statement, in fact, assists Plaintiff by giving him another chance to plead; it does not show a lack of impartiality against him.

In short, the Court finds that Plaintiff's arguments are of a "speculative and conclusory" variety that do not warrant recusal.  *In re Onishi*, 856 Fed. App'x. 426, 427 (3d Cir. 2021); *see also Brown v. United States*, 823 Fed. App'x 97, 103–04 (3d Cir. 2020) (citations and quotations omitted) ("[A] judge's recusal is not required on the basis of unsupported or highly tenuous speculation"); *In re Burnett*, 740 Fed. App'x 235, 236 (3d Cir. 2018) (citations and quotations omitted) ("[R]ecusal is not required on the grounds of unsupported, irrational, or highly tenuous speculation").  Based on the record Plaintiff has presented, the Court cannot find that a reasonable person would conclude the undersigned's impartiality might reasonably be questioned.  The Recusal Motion will therefore be **DENIED**.

### III. MOTION FOR RECONSIDERATION

The Court will now address Plaintiff's Reconsideration Motion.  Reconsideration, under Local Civil Rule 7.1(i), is an "extraordinary remedy" that is rarely granted.  *Interfaith Only. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted).  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly [discovered] evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F. 3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1958)).  Accordingly, a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Id.*  (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  To demonstrate a clear error, a party must do more than allege

6

that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that the holdings on which it bases its request (1) were without support in the record, or (2) would result in manifest injustice if not addressed. *Leja v. Schmidt Mfg, Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). Importantly, courts will "entertain" motions for reconsideration "[o]nly where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Mere "disagreement with the court's decision" is also insufficient. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

In his Reconsideration Motion, Plaintiff argues that the Court erred in its Letter Order by relying on the doctrine of *res judicata* to dismiss his claims. (Reconsideration Br. at 1.) Plaintiff writes that there is "no caselaw in a bad faith tort action" where the Court dismissed the case on *res judicata* grounds without "fact finding." (*Id.*) In seeking reconsideration, Plaintiff is "attempt[ing] to persuade Your Honor [that] *res judicata*" does not apply. (*Id.* at 2.) Additionally, Plaintiff argues that Rule 60(b)(3) is determinative before dismissing a case on *res judicata* grounds, (*id.* at 3), and that "[r]*es judicata* is only an equitable doctrine[;] it is not law," (*id.* at 4). Plaintiff adds that the Court erred in citing *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 524 (3d Cir. 1973), and should have relied on *Lane v. American Airlines*, Civ. No. 18-6110, 2022 WL 1062992 (E.D.N.Y. Apr. 8, 2022). (*Id.* at 5–6.) In addition to many other arguments, Plaintiff claims that the Court should consider sending the matter to arbitration (*id.* at 14), and that the *Rooker-Feldman* doctrine was incorrectly applied. (*Id.*) Lastly, Plaintiff argues that the Letter Order erred in overlooking Plaintiff's allegation that FMI made misrepresentations. (*Id.* at 26.)

FMI contends that Plaintiff's Motion should be denied because the Court applied correct principles of law, properly cited *Hubicki*, and the standard for reconsideration has not been met.

7

(Opp'n Reconsideration Br. at 3.) Defendant claims that there was a final judgment on the merits and that Plaintiff was not denied the opportunity to engage in discovery because the parties engaged in discovery during the state court proceedings. (*Id.* at 5.) Lastly, Defendant argues that the Court did not err in overlooking the allegation of FMI's misrepresentation because it need not do so when dismissing a case for lack of jurisdiction under *res judicata* or the *Rooker-Feldman* doctrine. (*Id.* at 9–7.)

Plaintiff fails to state which ground he seeks reconsideration. Nevertheless, upon the Court's review, none of the grounds stated in Local Civil Rule 7.1(i) support reconsideration.

Plaintiff does not argue that there was an intervening change in the law or that there is new evidence available to the Court. Instead, Plaintiff makes arguments already addressed by the Court in its Letter Order. As a first matter, *Lane v. American Airlines*, a decision Plaintiff argues the Court overlooked, is not a controlling authority as it is a decision from the Eastern District of New York. As a second matter, *Lane v. American Airlines* was at the summary judgment stage of the proceedings and has no factual or legal significance to the present matter.

There is also no clear error of law here that would warrant reconsideration. The Court in its Letter Order correctly applied *res judicata* and the *Rooker-Feldman* doctrine. Regarding *res judicata*, all three elements exist with respect to the claims against FMI. (*See* Letter Order, at 3 ("First, as recognized by the state trial court when dismissing Plaintiff's second complaint, the court's decision granting summary judgment for FMI the first time around was a final judgment on the merits. . . . Second, Plaintiff's two prior state court claims were against FMI, the same party against which Plaintiff now asserts claims. . . . Lastly, the Complaint's allegations against FMI arise out of the same occurrence as the allegations in Plaintiff's state court actions.")). With respect to the *Rooker-Feldman* doctrine, reconsideration is also not warranted because the Court did not

8

err in noting that "[t]his case squarely presents the type of litigation barred by the *Rooker-Feldman* doctrine, and each of its elements are met." (*Id.*) These doctrines are well-established and the Court's application of them was appropriate.

It is apparent from the Motion that Plaintiff merely disagrees with the Court's Letter Order and seeks to renew his arguments on the merits. This is not a proper basis for reconsideration. *See P. Schoenfeld Asset Mgmt., LLC*, 161 F. Supp. 2d at 352 ("Reconsideration motions . . . may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment. [Furthermore,] [a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden.'" (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989))).

Accordingly, Plaintiff's Reconsideration Motion will be **DENIED**.

## IV.    CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's Motion for Recusal (ECF No. 19), and Motion for Reconsideration (ECF No. 20). An appropriate Order will follow.

Date: February 3, 2025

                                                    s/ Zahid N. Quraishi
                                                    **ZAHID N. QURAISHI**
                                                    **UNITED STATES DISTRICT JUDGE**